UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v. Case No.: 3:07-cr-211-VMC-MCR

RAYMOND BENJAMIN HOLT, JR.

_______________________________/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Raymond Benjamin Holt, Jr.'s Motion for Compassionate Release (Doc. # 50), filed on January 27, 2021. The United States responded on February 8, 2021. (Doc. # 52). For the reasons set forth below, the Motion is denied.

## I. Background

On April 28, 2008, the Court sentenced Holt to 210 months' imprisonment, followed by a life term of supervised release, for transportation of child pornography by computer in interstate commerce. (Doc. # 27). Holt is fifty years old and his projected release date from FCI Miami is August 4, 2022. (Doc. # 52 at 1).

In his Motion, Holt requests compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his underlying health

conditions, which allegedly include asthma, allergies, obesity, high cholesterol, hypertension, Type II diabetes, sleep apnea, and degenerative discs. (Doc. # 50 at 1). Holt also notes that he suffers from "Persistent Depressive Disorder, Psychosocial and Environmental problems and Borderline Personality Disorder." (Id.). Alternatively, Holt requests that he be placed on home confinement. (Id. at 2). The United States has responded (Doc. # 52), and the Motion is now ripe for review.

## II. Discussion

Holt seeks compassionate release or, in the alternative, a modification of "his term of sentence such that he could serve the remainder of his sentence on Home Confinement." (Doc. # 50 at 2). The Court will address each request in turn.

### A. Request for Compassionate Release

The United States concedes that Holt has exhausted his administrative remedies but argues that the Motion should be denied on the merits. (Doc. # 52 at 3-4). The Court concludes that, even if Holt has exhausted his administrative remedies, the Motion is denied because his circumstances are not extraordinary and compelling.

A term of imprisonment may be modified only in limited

circumstances. 18 U.S.C. § 3582(c). Section 3582(c)(1)(A)(i) states that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the Bureau of Prison's denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver

of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Holt bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Holt alleges that his underlying health conditions, "Asthma, Allergies, Obesity, High Cholesterol, Hypertension, Type II Diabetes, Sleep Apnea, and Degenerative Discs," combined with the COVID-19 pandemic, constitute extraordinary and compelling circumstances, he has not demonstrated a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG § 1B1.13, comment. (n.1); see also United States v. Thompson, 984 F.3d 431, 434-45 (5th Cir. 2021) (affirming the district court's denial of compassionate release for an obese inmate who was diagnosed with hypertension and high cholesterol, and had previously suffered from a stroke); United States v. Hardy, 470 F. Supp. 3d 61, 62-63 (D. Mass 2020) (denying compassionate release for an inmate in his mid-fifties who suffered from hypertension, sleep apnea, diabetes, and asthma); United States v. Vurgich, No. 18-34-

RGA, 2020 WL 4335783, at *3-4 (D. Del. July 28, 2020) (denying a prisoner's motion for compassionate release despite his alleged diagnoses of "asthma, lower back pain, depression, anxiety, acid reflux, [and] arthritis"). To the contrary, Holt's medical records indicate that his conditions are being monitored and treated. (Doc. # 52-1). Accordingly, Holt has not shown an extraordinary and compelling reason that justifies compassionate release and his Motion is denied.

**B. Request for Home Confinement**

In the alternative, Holt requests that the Court modify his term of imprisonment so that he may complete his sentence while on home confinement. (Doc. # 50 at 2). However, the Court has no authority to direct the Bureau of Prisons ("BOP") to place Holt in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (per curiam) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A

sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP.”); 18 U.S.C. § 3621(b) (“The [BOP] shall designate the place of the prisoner’s imprisonment[.]”). Therefore, Holt’s request for home confinement falls outside Section 3582(c)’s grant of authority, and the Motion is denied as to this request.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Raymond Benjamin Holt, Jr.’s pro se Motion for Compassionate Release (Doc. # 50) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of March, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE